Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000061
10-NOV-2016
08:47 AM

NO. CAAP-16-0000061

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF RC

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 14-00111)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Father-Appellant (**Father**) appeals from the "Orders Concerning Child Protective Act," filed on December 11, 2015 in the Family Court of the First Circuit[1] (**family court**), which terminated Father's parental rights to his child, RC.

On appeal, Father contends (1) there was not clear and convincing evidence that he could not provide a safe family home within a reasonable period of time, even with the assistance of a service plan, and (2) he was not given a reasonable opportunity to reunite with RC.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows.

The family court did not err by finding that there was

---

[1] The Honorable Jennifer L. Ching presided.

(1) clear and convincing evidence that Father was not presently willing and able to provide a safe family home, even with the assistance of a service plan; and (2) that it was not reasonably foreseeable that Father would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, not to exceed two years from a child's entry into foster care.

RC entered foster custody on June 12, 2014. Father's parental rights were terminated after a December 11, 2015 hearing, approximately 18 months after RC entered foster custody. During the hearing, Father stated that he was currently incarcerated but anticipated being released in one year. Father admitted that he could not currently provide a safe family home. Father also admitted he is not sure when he would be released and that it could be longer than a year because he received an indeterminate 10 year prison sentence with a minimum of three years, of which he was only in his second year. Further, Father stated that after his release he would be required to participate in work furlough for about three months before he could participate in services recommenced for reunification with RC. Thus, the earliest that Father could begin addressing the safety concerns raised by Petitioner-Appellee the State of Hawai'i, Department of Human Services (DHS) would be approximately three years after RC entered foster custody. Therefore, it was not reasonably foreseeable that Father would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time which shall not exceed two years from the date upon which the child was first placed into foster custody. In re T.H. and K.H., 112 Hawai'i 331, 336, 145 P.3d 874, 879 (App. 2006).

Father was given a reasonable opportunity to reunite with RC. Father was ordered to participate in substance abuse assessment, random drug screening, complete a psychological evaluation, and participate in in-home counseling in order to demonstrate appropriate parenting skills and reunify with RC.

2

After Father was released from Oahu Community Correctional Center in February 2015 he was enrolled in Hina Mauka, an alcohol and substance abuse treatment and rehabilitation center, for random drug screening but was discharged from the program in April 2015 for non-compliance. Father's failure to participate in scheduled drug screening is presumed to be a positive result. During that time, Father had visited with RC only once in March 2015. Father was not referred for a psychological evaluation because he had not shown 90 days of sobriety. Father then violated his probation and was re-incarcerated in April 2015. DHS is not able to provide services, such as in-home counseling, while Father is incarcerated, and is not required to provide services beyond what is available within the corrections system. In re Doe, 100 Hawai'i 335, 345, 60 P.3d 285, 295 (2002).

Therefore,

IT IS HEREBY ORDERED that the "Orders Concerning Child Protective Act," filed on December 11, 2015 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 10, 2016.

On the briefs:

Herbert Y. Hamada
for Father-Appellant.

Mary Anne Magnier
Jonathan M. Fujiyama
Deputy Attorneys General
for Petitioner-Appellee
State of Hawai'i, Department
of Human Services.

Presiding Judge

Associate Judge

Associate Judge

3